# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Northern Division — Baltimore)

| | |
|---|---|
| **SUZANNE HILL** | Civil Case Number: |
| *and* | |
| **KHADIDAT CISSIE** | |
| *and* | **12 - _____ - \_\_\_\_\_** |
| **JINYUN PARK** | |
| *(Each Plaintiff individually and on be-half of all other Maryland consumers similarly situated.)* | |
| **Plaintiffs** | |
| *v.* | |
| **MIDLAND FUNDING, LLC** | |
| *(a/k/a Midland Funding; Midland Fund-ing, Inc.)* | |
| *and* | |
| **LYONS, DOUGHTY & VELDHUIS, P.C.** | |
| (a/k/a Lyons, Doughty & Veldhuis, P.A.) | |
| **Defendants** | |

## COMPLAINT — CLASS ACTION

AND

## DEMAND FOR TRIAL BY JURY

Plaintiffs Suzanne Hill, Khadidat Cisse, and Jinyun Park (each individually and on behalf of all other Maryland consumers similarity situated); by their attorney Michael Gregg Morin; sue Midland Funding, LLC (a/k/a Midland Funding; Midland Funding, Inc.);

Lyons, Doughty, Veldhuis, P.C.; and state:

<strong>INTRODUCTION / PRELIMINARY STATEMENT</strong>

This class action evolves from the continuing refusal of debt buyers and their attorneys to comply with Maryland law governing licensing of collection agencies and the continuing insistence of debt buyers and their attorneys that they can violate, with impunity, federal and Maryland laws and Rules addressing the collection of consumer debt in Maryland courts.

Midland Funding, LLC ("**Midland**") and its related entities and persons are notorious debt buyers — arguably the most notorious of that ilk — that acquire consumer debt for pennies on the dollar and then attempt to collect using <u>any</u> means convenient regardless of law, regulation, rule, due process, or common decency.  Midland has been the repeated subject of Maryland agency enforcement actions, enforcement action by Attorney Generals of other than Maryland, and consumer class actions in federal and state courts, including class actions before this Court.  The actions still active before this Court include 12-00099-MJG, *Anthony v. Midland Funding, LLC, et al.*; 12-00975-WDQ, *Chihota v. Fulton, Friedman & Gullace, LLP, et al.*; and *Hourihane v. Midland Funding, LLC, et al.*, 12-02222-MJG, *Hourihane v. Midland Funding, LLC, et al.  See also,* 09-02391-RDB/ELH, *Johnson v. Midland Funding, LLC*, class certified and Final Order and Judgment entered on 10 March 2011.  Subsequent to the settlement of the Maryland State actions against Midland and the Final Order and Judgment in *Johnson v. Midland Funding,* LLC, Midland immediately renewed its previous business practices and simply

— 2 —

continued to conduct business as it had prior to the State action and class action. Midland, its related businesses, and its attorneys simply do not intend to comply with Maryland statutes and Rules as long as they generate a greater profit by violating those statues and Rules.

Lyons Doughty, Veldhuis, P.C. ("**LDV**") is a New Jersey corporation and law firm that represents debt buyers, including Midland, before Maryland courts. LDV, like Midland, is determined to collect consumer debt without regard to any Maryland statute or Rule that it views as an impediment to its collection efforts. LDV routinely sues Maryland consumers on behalf of debt buyers that are not properly licensed in Maryland. LDV routinely sues Maryland consumers using any technique available including false affidavits, affidavits that do not meet Maryland Rules but are specifically and deceitfully designed to appear to comply with Maryland Rules, suing beyond the limitation of action date, and disclosing personal information in violation of Maryland consumer protection statutes.

### VENUE AND JURISDICTION.

1.  Jurisdiction in this Court arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1331 in light of the federal question presented.

2.  Supplemental jurisdiction for the State law claims arises under 28 U.S.C. § 1367.

3.  Venue in this District is proper in that the Defendants transact business within the District and the tortious and illegal conduct complained of occurred in the

District.

**PARTIES**

4.      Plaintiff Suzanne Hill ("**Hill**") is a natural person who resides in Anne Arundel County, Maryland.

5.      Plaintiff Khadidat Cisse ("**Cisse**") is a natural person who resides in Howard County, Maryland.

6.      Plaintiff Jinyun Park ("**Park**") is a natural person who resides in Anne Arundel County, Maryland.

7.      Defendant Midland Funding, LLC ("**Midland**") is a foreign limited liability company with its principal place of business at 8875 Aero Drive, San Diego, California 92123.  Additionally, Midland conducts its consumer collection business from 16 McLeland Road, St. Cloud, Minnesota  56303.

8.      Defendant Lyons Doughty, Veldhuis, P.C. ("**LDV**") is a foreign corporation registered in Maryland with its principal place of business at P.O. Box 1269, Mt. Laurel, New Jersey  08054.

**FACTUAL ALLEGATIONS**

***Facts Relevant to all Plaintiffs and Potential Class Members***

9.      On all dates relevant to this litigation, each of the Plaintiffs and potential class members were residents of Maryland.

10.     On all dates relevant to this litigation, each of the Plaintiffs and potential class members were "consumers" as that term is defined by the Maryland Consumer

Protection Act and Maryland Consumer Debt Collection Act.

11.   The alleged debts of the Plaintiffs and potential class members were each a "consumer claim" as that term is defined by the Maryland Collection Agency Licensing Act ("**MCALA**"), MD. CODE ANN., BUS. REG., § 7-101(e).[1]

12.   Midland is a "debt collector" as defined by the Fair Debt Collections Practices Act ("**FDCPA**") as Midland acquires consumer debt after default, 15 U.S.C. § 1692a.

13.   Midland is a "collector" as defined by COM. LAW, § 14-201(b) as Midland is "… collecting or attempting to collect an alleged debt arising out of a consumer transaction."

14.   Midland is a "collection agency" as defined by MCALA (BUS. REG., 7-101(c)) as Midland "… engages directly or indirectly in the business of:  … (1) (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it" or "…(2) collecting a consumer claim the person owns, using a name or other artifice that indicates that another party is attempting to collect the consumer claim."

15.   Midland is a "collection agency" as that term is defined by the MCALA, BUS. REG., §  7-101(c).

16.   Every collection agency operating in Maryland must be licensed (BUS. REG., § 7-301) and must be licensed at every place of business from which the collection

---

[1]  All references to Maryland statutes are to the Maryland Code Annotated as of 13 August 2012.

agency operates (Bus. Reg., § 7-305).

17.     Any person operating as a collection agency in Maryland and being unli-censed as a collection agency or being unlicensed at the place of business from which the collection agency operates, commits a criminal act, <u>each</u> such act being a misde-meanor and subject to imprisonment or fine (Bus. Reg., § 7-301).

18.     Midland has previously acknowledged being a collection agency and being required to comply with MCALA.

19.     On 15 January 2010, Midland obtained a Maryland license as a collection agency for its business located at 8875 Aero Drive, San Diego, California 92123.

20.     From 15 January 2010 to the present, Midland has been licensed by as a collection agency at the following address and at no other address: 8875 Aero Drive, San Diego, California 92123.

21.     Since 15 January 2010, Midland, by and through LVD, has conducted a collection agency business and has sued Maryland consumers from its business location of 16 McLeland Road, St. Cloud, Minnesota  56303.

22.     Midland is not now, and has never been, licensed in Maryland as a collec-tion agency located at 16 McLeland Road, St. Cloud, Minnesota  56303.

23.     LDV conducts a collection agency business from P.O. Box 1269, Mt. Lau-rel, New Jersey  08054.

24.     LDV is not now, and has never been, licensed in Maryland as a collection agency located at P.O. Box 1269, Mt. Laurel, New Jersey  08054.

### *Facts Specific to Plaintiff Hill*

25.     On 7 July 2011, Midland, by and through LDV, filed suit against Hill in the District Court of Maryland for Anne Arundel County, case no. 0702-0009316-2011 ("**First Hill Collection Case**").

26.     The First Hill Collection Case was filed as an affidavit judgment action pursuant to Maryland Rule 3-306.

27.     The First Hill Collection Case was filed by Midland from its business location at 16 McLeland Road, St. Cloud, Minnesota 56303.

28.     The First Hill Collection case was filed by LDV from its location at P.O. Box 1269, Mt. Laurel, New Jersey  08054.

29.     The First Hill Collection Case was supported by an affidavit that was false and that did not comport with Maryland Rule 3-306.

30.     The affidavit used to obtain affidavit judgment was not made, as required, upon personal knowledge but was artfully and deceptively worded to falsely appear to be made upon personal knowledge.

31.     The First Hill Collection Case was a nullity as filed; however, both Midland and LDV prosecuted the case as though it were properly before the court.

32.     On 13 June 2012, Midland filed suit against Hill in the District Court of Maryland for Anne Arundel County, case no. 0702-0006086-2012 ("**Second Hill Collection Case**").

33.     The Second Hill Collection Case was filed as an affidavit judgment action

pursuant to Maryland Rule 3-306.

34.     The Second Hill Collection Case was supported by an affidavit that was false and that did not comport with Maryland Rule 3-306.

35.     The affidavit used to obtain affidavit judgment was not made, as required, upon personal knowledge but was artfully and deceptively worded to falsely appear to be made upon personal knowledge.

36.     The Second Hill Collection Case was a nullity as filed; however, both Midland and LDV prosecuted the case as though it were properly before the court.

37.     Both the First and Second Hill Collection Cases remain open, active, and unresolved as of the date of this class action.

### Facts Specific to Plaintiff Park

38.     On 25 February 2011, Midland, by and through LDV, sued Park in the District Court of Maryland for Anne Arundel County, case no. 0702-0002818-2011 ("**Park Collection Case**").

39.     Midland sued from its business location at 16 McLeland Road, St. Cloud, MN  56303.

40.     The Park Collection case was filed by LDV from its business location of P.O. Box 1269, Mt. Laurel, New Jersey  08054.

41.     The Park Collection Case was filed as an affidavit judgment action pursuant to Maryland Rule 3-306.

42.     The Park Collection Case was supported by an affidavit that was false and

that did not comport with Maryland Rule 3-306.

43.    The affidavit used to obtain affidavit judgment was not made, as required, upon personal knowledge but was artfully and deceptively worded to falsely appear to be made upon personal knowledge.

44.    The Park Collection Case was a nullity as filed; however, both Midland and LDV prosecuted the case as though it were properly before the court.

45.    On 22 June 2011, Midland falsely asserted that it had personally served Park on 18 June 2011.

46.    On 3 August 2011, the District Court entered an affidavit judgment against Park based on the false affidavit of service and false and fraudulent papers filed in support of Midland's claim.

47.    After receiving the notice of the entry of judgment mailed to Park by the District Court, Park; who does not read, speak, or write English; enlisted the aid of family members to move to vacate the judgment.

48.    On 15 September 2011, the District Court vacated the judgment against Park.

49.    Michael Gregg Morin entered his appearance on behalf of Park.

50.    On 7 February 2012, the District Court conducted a trial on the merits rather than on affidavit.

51.    At the conclusion of the trial, the District Court entered judgment for Park.

### *Facts Specific to Plaintiff Cisse*

52.     On or about 1 September 2011, Midland, by and through LDV filed a con-
sumer debt collection civil action in the District Court of Maryland for Howard County,
*Midland Funding, LLC v. Khadidiat Cisse,* case no. 1001-0004929-2011 ("**First Cisse
Collection Case**").

53.     The First Cisse Collection Case was filed as an affidavit judgment action
pursuant to Maryland Rule 3-306.

54.     The First Cisse Collection Case was supported by an affidavit that was
false and that did not comport with Maryland Rule 3-306.

55.     The affidavit used to obtain affidavit judgment was not made, as required,
upon personal knowledge but was artfully and deceptively worded to falsely appear to
be made upon personal knowledge.

56.     The First Cisse Collection Case was a nullity as filed; however, both Mid-
land and LDV prosecuted the case as though it were properly before the court.

57.     On 28 December 2011, the Defendants filed a paper, pursuant to Mary-
land Rule 5-902, with the State court that falsely and purposefully indicated that the
paper had been served on Cisse on 20 December 2011.

58.     The false certification of service was intended to defraud both Cisse and
the State court by indicating timely service by mail when the service package was actu-
ally willfully withheld (*i.e.,* not served on 20 December 2011) to insure that its receipt
by Cisse would be after the date allowed for Cisse to file written objections , said date

established by the false certification of service as being prior to the actual service.

59.     While the First Cisse Collection Case was pending, with Cisse then *pro se*, the Defendants falsely asserted that Cisse had not responded to Midland's interrogatories in order to obtain a default judgment against Cisse.

60.     On 3 January 2012, the State Court, upon motion by Cisse, dismissed the First Cisse Collection Case with prejudice based on the misconduct of Midland's attorneys, LDV.

61.     The dismissal with prejudice resolved all causes of action that Midland had against Cisse, or that could have been alleged by Midland against Cisse, that had accrued prior to 1 September 2011.

62.     On or about 6 December 2011, Midland, by and through LDV, again sued Cisse in a consumer debt collection civil action in the District Court of Maryland for Howard County, to wit:     *Midland Funding, LLC v. Khadidiatou Cisse,* case no. 1001-0006691-2011 ("**Second Cisse Collection Case**").

63.     The Second Cisse Collection Case was filed as an affidavit judgment action pursuant to Maryland Rule 3-306.

64.     The Second Cisse Collection Case was supported by an affidavit that was false and that did not comport with Maryland Rule 3-306.

65.     The affidavit used to obtain affidavit judgment was not made, as required, upon personal knowledge but was artfully and deceptively worded to falsely appear to be made upon personal knowledge.

66. The Second Cisse Collection Case was a nullity as filed; however, both Midland and LDV prosecuted the case as though it were properly before the court.

67. Under Maryland law, Midland's claims in the Second Cisse Collection Case were precluded by the prior dismissal with prejudice of the First Cisse Collection Case.

68. On 26 March 2012, the District Court improperly entered a default judgment in the Second Cisse Collection Case.

69. On 29 May 2012, the District Court vacated the judgment that it had improperly entered in the Second Cisse Collection Case.

70. As of the date of this Complaint, the Second Cisse Collection Case is open and active but has not been rescheduled for trial.

## CLASS

71. The Plaintiffs bring this complaint on behalf of a class of persons, each a Maryland resident and consumer who are similarly situated.

72. The class is composed of all natural persons who reside in Maryland and who have been the subject of consumer debt collection efforts by Midland Funding, LLC within three years immediately preceding the filing of this class action and that included the filing of a civil action in any court of the State of Maryland by and through Lyons, Doughty & Veldhuis, P.C. (the "**Class**").

73. The limitation of action on the Maryland state claims is three years.

74. This is a matter in which the one year FDCPA statute of limitations may be enlarged because the Defendants' effectively and intentionally concealed information

which would have made their improper and illegal activities discoverable.  The conceal-ment was accomplished through the use of bogus affidavits, failure to disclose facts about its legal status, and by other means.

75.    The Named Plaintiff and Class members had no reason to know of the true illegal nature of the illegal acts of the Defendants since the Defendants routinely omit or misrepresent certain information from the courts and class members concerning Defendants debt collection practices which are not conducted with the license required by Maryland law.

76.    It is a material fact to the Plaintiff and Class members that the fees charged and claimed by the Defendants as part of their routine and regular debt collec-tion practices for government charges are not in fact the amounts owed to the govern-ment agencies.

77.    This case is one of those rare instances where circumstances external to the conduct of the Named Plaintiff and class members warrant a finding that it would be unconscionable to enforce the various limitations periods against the class members since such an act would create a gross injustice of allowing the Defendants to be wrongfully and unjustly enriched to the detriment of the class in total sum of thousands of dollars.

78.    The Plaintiff estimate the Class to consist of more than 500 persons.

79.    The Class is so numerous as to make it impracticable to join all members of the Class.

80.     There are questions of law and fact which are common to all members of the class including:

    80.1.   Whether Midland has acted as a collection agency in Maryland.

    80.2.   Whether Midland's collection agency business was conducted from a location that was properly licensed by Maryland as a collection agency.

    80.3.   Whether LDV has acted as a collection agency in Maryland.

    80.4.   Whether LDV's collection agency business was conducted from a location that was properly licensed by Maryland as a collection agency.

    80.5.   Whether the failure of Midland and LDV to conduct consumer debt collection from addressees other than addresses at which Midland and LDV were licensed as collection agencies renders each of the complaints filed a nullity.

    80.6.   Whether the affidavits used by Midland and LDV in support of affidavit judgments were false affidavits.

    80.7.   Whether the affidavits used by Midland and LDV in support of affidavit judgments complied with Maryland Rule 3-306.

    80.8.   Whether Midland and LDV threatened action or took action in attempts to collect consumer debt without the right to threatened or take the action.

80.9.  Whether Midland should be required to disgorge money that it has wrongfully collected from Maryland consumers.

80.10. Whether LDV should be required to disgorge money that it has wrongfully collected from Maryland consumers.

81.    The only individual questions concern the identification of Class members and the specific damages for each Class member.  This information can be determined by a ministerial examination of public records of Maryland courts and an examination of the Defendants' business records that are admissible as an exception to the hearsay rule and as an admission by a party.

82.    Plaintiffs will fairly and adequately protect the interest of all Class members in the prosecution of this action.  Each Plaintiff is similarly situated with the Class members and has no interest to the Class individually or collectively.

83.    Plaintiffs have retained counsel experienced in handling class action in general and specifically in handling class action addressing violations of federal and Maryland consumer protection statutes.

### COUNT I —

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

84.    Plaintiff, each individually and on behalf of other Maryland consumers similarly situated, sue Defendant Midland Funding, LLC and Lyons, Doughty & Velhuis, P.C., and state:

85.    Plaintiffs adopt by reference the allegations contained in the preceding

paragraphs of this Complaint with the same effect as if herein fully set forth.

86.     Defendants have violated FDCPA by acting as a collection agency in Maryland without being licensed by Maryland as a collection agency at the Defendants' location in violation of 15 U.S.C. § 1692e(5) and other provisions of the FDCPA.

87.     The Defendants' practices of operating illegally in Maryland without the mandatory license is an unfair and deceptive practice in violation of 15 U.S.C. § 1692(f).

88.     The Defendants' practices of filing affidavits that were false and that did not comply with Rule 3-306 were in violation of 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f.

89.     The Plaintiffs and Class members have suffered damages as the direct result of the Defendants' conduct, such damages including but not limited to attorney fees, damage to credit, and emotional damages.

90.     The FDCPA provides for statutory damages in addition to actual damages.

91.     The FDCPA provides for attorney fees.

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray that the Court:

[1]     Certify the Class;

[2]     Approve the Plaintiffs as Class representatives;

[3]     Approve the Plaintiffs' attorneys as Class counsel;

[4]     Award actual damages in an amount to be determined at trial but estimated to be more than $5,000,000.00;

[5]     Award statutory damages of $500,000.00;

[6]     Award the Plaintiffs and Class their reasonable attorney fees; and

[7]     Award such other relief as the Court deems necessary and appropriate.

## COUNT II — VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA)

92.     Plaintiff, each individually and on behalf of other Maryland consumers similarly situated, sue Defendant Midland Funding, LLC and Lyons, Doughty & Velhuis, P.C., and state:

93.     Plaintiffs adopt by reference the allegations contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

94.     The conduct of Midland and LDV complaint of *supra.* is a violation of MCDCA.

95.     The Plaintiffs and Class members have suffered damages as the direct result of the Defendants' conduct, such damages including but not limited to attorney fees, damage to credit, and emotional damages.

96.     The MCDCA provides for attorney fees.

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray that the Court:

[8]     Certify the Class;

[9]     Approve the Plaintiffs as Class representatives;

[10]    Approve the Plaintiffs' attorneys as Class counsel;

[11]    Award actual damages in an amount to be determined at trial but esti-

mated to be more than $5,000,000.00;

[12]   Award statutory damages of $500,000.00; and

[13]   Award such other relief as the Court deems necessary and appropriate.

### COUNT III — VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MCPA)

97.   Plaintiff, each individually and on behalf of other Maryland consumers similarly situated, sue Defendant Midland Funding, LLC, and state:

98.   Plaintiffs adopt by reference the allegations contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

99.   A violation of the MCDCA is a violation of the MCPA.

100.   The Plaintiffs and Class members have suffered damages as the direct result of the Defendants' conduct, such damages including but not limited to attorney fees, damage to credit, and emotional damages.

101.   The MCDCA provides for attorney fees.

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray that the Court:

[14]   Certify the Class;

[15]   Approve the Plaintiffs as Class representatives;

[16]   Approve the Plaintiffs' attorneys as Class counsel;

[17]   Award actual damages in an amount to be determined at trial but estimated to be more than $5,000,000.00;

[18]   Award statutory damages of $500,000.00; and

[19]    Award such other relief as the Court deems necessary and appropriate.

For the Plaintiffs and Class:

*/s/ Michael Gregg Morin*
Michael Gregg Morin
Fed. Bar No. 15399
The Morin Law Firm, PC
Post Office Box 778
Severn, Maryland  21144-0778
Telephone:  855.623.6453
Facsimile:  855.329.6453
E-mail:  mikemorin.morinlaw@gmail.com