**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SUZANNE HILL *et al.*                      :
                                            :
                                            :
         v.                                 :          Civil Action No. CCB-12-2397
                                            :
                                            :
MIDLAND FUNDING, LLC *et al.*              :

## MEMORANDUM

Plaintiffs Suzanne Hill, Kadidat Cisse, and Jinyun Park filed this putative class action

against Midland and their attorneys, Lyons Doughty, Veldius, P.C. ("LDV"), alleging violations

of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Colletion

Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). Midland has filed a

motion to dismiss or, in the alternative, for summary judgment. Oral argument was held on April

5, 2013. For the reasons set forth below, the motion will be granted.

## BACKGROUND

According to the complaint, each of the plaintiffs was sued  once or twice by Midland to

collect unpaid credit card debt Midland bought from Chase.[1] Each of the suits Midland filed

against the plaintiffs was an "affidavit judgment action pursuant to Maryland Rule 3-306."

(Compl. ¶¶ 26, 33, 41, 54, 63).  The plaintiffs allege that Midland violated the law in two ways.

First, all but one of the suits were apparently filed with the wrong address for Midland—listing

the address of its parent company—an address at which Midland Funding, the stated plaintiff in

each action, was not a licensed debt collector under Maryland law. Midland's servicer company,

however, Midland Capital Management, *was* licensed as a debt collector at this address. Under

_____

[1] Midland does not dispute any of the facts contained in the complaint for the purposes of
resolving the motion as a motion to dismiss.

Maryland Code Ann., Bus. Reg., §§ 7-301; 7-305(a), collection agencies operating in Maryland must have a license for each place of business from which they operate. The plaintiffs contend that Midland's suits listing an address at which it was not licensed were unlawful and, therefore, a violation of the FDCPA, (Compl. ¶¶ 86-87), under 15 U.S.C. § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken . . .[,]" and § 1692f , which prohibits any "unfair or unconscionable means" of collecting debt.

Second, for each affidavit Midland filed, the plaintiffs allege each was false and "was not made, as required, upon personal knowledge but was artfully and deceptively worded to falsely appear to be made upon personal knowledge." (*See, e.g.*, Compl. ¶¶ 29-30). The plaintiffs argue that these affidavits violated §§ 1692e(5) and 1692f of the FDCPA, as well as § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." The plaintiffs incorporate these allegations into their claims under the MCDCA as well as the MCPA.

Midland filed a collection suit against Park on February 25, 2011. (Compl. ¶ 38). Park disputes that he was ever served, and, in fact, a default judgment against him was vacated based on failure of service. (*See id.* ¶¶ 46, 48). He subsequently prevailed at trial. (*Id.* ¶ 51). Midland filed suits against Hill on July 7, 2011, and June 13, 2012. (*Id.* ¶¶ 25, 32). Hill's cases are both pending. (*Id.* ¶ 37). Finally, Midland filed suits against Cisse on September 1 and December 6, 2011. (*Id.* ¶¶ 52, 62). Cisse was granted a dismissal with prejudice on Midland's first suit, allegedly based on misconduct by LDV. (*Id.* ¶ 60). Nevertheless, Midland subsequently refiled an identical claim, which is still pending but appears to be dormant. (*Id.* ¶¶ 62, 68-70). The plaintiffs filed this putative class action on August 13, 2012.

# ANALYSIS

## I. Standard of Review

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Because, as explained below, the plaintiffs have failed to state a plausible claim under any legal theory, their complaint will be dismissed.

## II. Wrong Addresses

The plaintiffs first allege that Midland's filing of lawsuits listing the incorrect address (using the address of its servicer, not itself) violated § 1692e(5) of the FDCPA ,which prohibits "threat[s] to take any action that cannot legally be taken." Midland argues that the plaintiffs have failed to state a claim on this basis because the incorrect addresses were not "material" misrepresentations violating § 1692e. Setting aside the issue of materiality, which the Fourth Circuit has suggested, but not yet held, is a necessary element of many alleged § 1692e violations, *see Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) ("[C]ourts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."), the wrong addresses listed on Midland's lawsuits were not "false representations" under § 1692e. Courts have recognized that the filing of a collection action "without a license" could amount to a "threat" to take an action the unlicensed collector could not legally take, making it a "false representation" violating § 1692e(5). *See Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 729-31 (D. Md. 2011); *Hauk v. LVNV Funding LLC*, 749 F. Supp. 2d 358, 367-68 (D. Md. 2010). Mere technical violations of state law in the filing of such suits, however, are not automatically violations of the FDCPA. *See Bradshaw*, 765 F. Supp. 2d at 729 ("[T]his Court declines to hold that any violation of state law, no matter how trivial, constitutes a *per se* violation of the FDCPA."). Thus, a plaintiff can demonstrate that a violation of state law supports a claim under § 1692e(5) of the FDCPA only if the state law violation undermines the defendant debt collector's right to take the challenged action to such an extent that the filing of the suit was not legal. Here, Midland's filing of each lawsuit was *not* a "threat to take . . . action that cannot legally be taken" because Midland, and its servicer whose address

was used, were both licensed and authorized to file suit in Maryland against the plaintiffs and could, in fact, legally file suit against the plaintiffs.

The plaintiffs' allegations that Midland "act[ed] as a collection agency in Maryland without a license" and "operat[ed] illegally in Maryland without the mandatory license . . .", (Compl. ¶¶ 86-87), are overstated. Midland was licensed—it merely listed an address in its initial filings at which it was not licensed, but a related company was, and it rectified this error, when it was discovered, by filing change of address forms with the court. (*See* Def.'s Mem., ECF No. 13-1, at 16 n.10). This technical error is not a "false representation" or the kind of "abusive debt collection practice[]" that the FDCPA was designed to prevent. *See Warren*, 676 F.3d at 373 (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S. Ct. 1605, 1608 (2010)). There is no plausible allegation in the complaint that Midland intentionally used the wrong address to somehow evade regulators or the plaintiffs, or that the plaintiffs were in any way misled or prejudiced by this error. Accordingly, Midland's mistaken use of the address of its servicer was not a plausible violation of § 1692e(5) and the plaintiffs have failed to state a claim on this ground.

## II. "False" Affidavits

Similarly, the plaintiffs have failed to state a claim based on the affidavits they allege were false and were "artfully and deceptively worded to falsely appear to be made upon personal knowledge." (*See, e.g.*, Compl. ¶ 29-30). Although the complaint contains no specific allegations as to how the affidavits were "false" or deceptive, at oral argument, plaintiffs' counsel elaborated on this claim. The plaintiffs' claim is based entirely on the argument that, because the affidavit may not be sufficient to withstand the requirements of Maryland Rule 3-306 or to warrant a judgment in favor of Midland, it violated § 1692e. But the affidavits themselves, attached as

exhibits to Midland's motion,[2] do not actually contain any "false" statements. For example, the affiant in the first Hill collection case states only that she has personal knowledge of the *records* of the debt that Chase conveyed to Midland. (*See* Def.'s Mot., Ex. 9 ("Affidavits"), ECF No. 13-10, at 4). The plaintiffs do not allege that this statement itself was false, and the court finds no reason to believe it was.

Thus, the plaintiffs' argument that this case is analogous to *Midland Funding v. Brent*, 644 F. Supp. 2d 961, 969-70 (N.D. Ohio 2009) is misplaced. There, the district court entered summary judgment against Midland because the affiants in similar debt collection cases stated they had personal knowledge "that the debt was valid." *See Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961, 970 (N.D. Ohio 2009). Here, Midland's affiants do not make such statements. At most, they only certify that they have looked at the business records of Chase that were acquired by Midland. As plaintiffs' counsel noted at oral argument, these affidavits may be insufficient to support a judgment against any of the plaintiffs—and indeed the plaintiffs appear to have prevailed in Midland's suits against them where they have reached trial. But, the fact that the affidavits may be legally insufficient does not make them "false." Filing wholly truthful affidavits that some state courts may hold to be insufficient in an attempt to obtain default judgments is not a misrepresentation or other falsehood violating § 1692e. *Cf. Winemiller v. Worldwide Asset Purchasing, LLC*, 2011 WL1457749, at *6 (D. Md. April 15, 2011) (refusing to dismiss FDCPA claim alleging affidavits submitted under Maryland Rule 3-306 included

---

[2] "[W]hen a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir.2004) (internal quotations omitted). At oral argument, the plaintiffs did not contest either the validity of the affidavits Midland submitted with its motion to dismiss or that they were the same affidavits upon which the plaintiffs based their allegations.

representations that were actually false and that the defendants knew were false).[3] Accordingly, the plaintiffs have failed to state a claim based on allegedly "false" or misleading affidavits.

## III. Section 1692f

The plaintiffs also have failed to state a claim under § 1692f, which prohibits the using of any "unfair or unconscionable means to collect or attempt to collect debt." The statute contains a non-exhaustive list of behavior that would violate this provision, but it does not define "unfair" or "unconscionable." Some courts have held that plaintiffs must allege misconduct "separate and distinct" from violations of § 1692e to state a claim under § 1692f, *see Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012), and Midland argues the plaintiffs' claims under this provision are identical to their § 1692e claims. Even if the plaintiffs' claims under § 1692f could be construed as distinct from allegedly "[f]alse or misleading representations" under § 1692e, the listing of the wrong address on the lawsuits or the use of potentially deficient affidavits does not rise to the level of "unfair" or "unconscionable" behavior. As discussed above, the plaintiffs do not appear to have been harmed by this alleged misconduct. Midland could still be reached at the address listed in the suits, even if only its servicer was technically licensed there, and the plaintiffs have, so far, prevailed in their state court challenges to the sufficiency of Midland's debt collection cases against them. The complaint contains no plausible violations of  § 1692e *or* § 1692f.

## IV. MCDCA and MCPA Claims

Finally, the MCDCA prohibits collectors from "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Comm. Law, § 14-202(8). "This has been held to mean that a party may not attempt to enforce a right with

---

[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

actual knowledge or with reckless disregard as to the falsity of the existence of the right."

*Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004) (citing *Spencer v. Hendersen-Webb Inc.*, 81 F. Supp. 2d 582, 594-95 (D. Md. 1999)). Any violation of the MCDCA is a *per se* violation of the MCPA. *See* Md. Code Ann., Comm. Law, § 13-301(14)(iii). For the same reasons discussed above, Midland's actions—filing lawsuits with an incorrect address and using truthful, but potentially insufficient, affidavits under Maryland Rule 3-306— did not undermine its right to seek repayment of debt Midland reasonably believed it legally owned. Thus, the plaintiffs have not plausibly alleged that Midland attempted to enforce any right with knowledge it did not exist, and they have not stated a claim under either Maryland statute.

## CONCLUSION

For the reasons stated above, Midland's motion to dismiss will be granted.[4] A separate Order follows.

April 16, 2013                                    _____/s/_____
Date                                                Catherine C. Blake
                                                    United States District Judge

---

[4] In light of this ruling, the court does not need to reach the issues of arbitration or the applicability of the statute of limitations raised by Midland in its motion to dismiss.